IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02874-BNB

WILLIAM A. MAUNZ,

    Plaintiff,

v.

SGT. L. MAPES, w/f,
C.O. JIMENEZ, hisp./f,
C.O. E. McDONALD, w/male,
CAPT. LARIMORE, w/male,
LT. HUGHBANKS, w/male,
COLORADO DEPT. OF CORRECTIONS,
SAN CARLOS CORRECTIONAL FACILITY, and
STATE OF COLORADO, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, William A. Maunz, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Maunz initiated this action by filing *pro se* a document titled "Notice of Intent (42 § 1983/Bivens)" (ECF No. 1) in which he alleged he was being subjected to cruel and unusual punishment at the prison in which he is confined. On November 1, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Maunz to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Maunz to file a Prisoner Complaint and either to pay the $350.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 motion. Mr. Maunz was

warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.  Magistrate Judge Boland also has granted three motions filed by Mr. Maunz seeking an extension of time to cure the deficiencies.  Most recently, on February 5, 2013, Magistrate Judge Boland entered a minute order granting Mr. Maunz an extension of time until March 1, 2013, to cure the deficiencies in this action.

Mr. Maunz has failed to cure the deficiencies within the time allowed.  He has not filed a Prisoner Complaint, and he has failed either to pay the filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Maunz failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of    March    , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court